LOÍZA SUGAR COMPANY, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 5383. Argued May 20, 1931.—Decided July 26, 1932.

*Jaime Sifre, Jr.,* and *Horacio Franceschi* for appellant.  *James R. Beverley, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case where the plaintiff sought to recover taxes paid under protest alleged to be excess profits taxes.  In January, 1919, the plaintiff had certain cane growing in its fields or belonging to its planters, which, as agreed by everybody, was not subject to a property tax.  By July, 1919, this growing crop had been converted into molasses and sugar worth $856,924.50.  The sugar company had made a return to the Treasurer where they estimated this molasses and sugar as part of the capital of the concern.  The excess profits tax, under section 17 of Act No. 43 of 1921 (Session Laws, page 313) was graded upon the relation of the income to the capital.  For any given amount of income, as admitted at the hearing, the greater the capital the less the income tax.  Under section 18 of the act aforesaid, the words "capital invested," for the purposes of the excess profits tax, were defined as follows:

"(a) In the case of corporations the assessed valuation for purposes of taxation of all the personal and real property of such corporations plus the value of any property located or invested in Porto Rico not subject to taxation but belonging to said corporation and devoted to the business or businesses producing the income and which existed at the beginning of the taxable year to which the income belongs.

"(b)  .    .    .    .    .    .    .    .    .    .

"(c)  .    .    .    .    .    .    .    .    .    ."

The court below held that this sugar and molasses could not be considered as invested capital.

In its original brief in this case the appellant attempted to prove that this sugar and molasses should be considered to be invested in the business. From our standpoint the most important contention was whether sugar and molasses ready to be sold but delayed for lack of transportation facilities or otherwise could be considered as capital. It appears that the property was subsequently sold for $956,267.58, the cost deducted, and a profit of $106,303.08 was included in the tax return of the company.

Subsequently to the filing of the brief by the appellant, the U. S. Circuit Court of Appeals for the First Circuit decided that section 17 of the act which fixed the amount of the excess income tax, was unconstitutional for not being uniform. The court, in *Domenech* v. *Havemeyer*, 49 F. (2d) 849, 852, said:

"The taxes now sought to be recovered in all three suits are largely excess profits taxes. We think them condemned by section 2 of the Organic Act (39 Stat. 952 . . .), which requires the Legislature of Porto Rico to make its taxes uniform.

"But this Act No. 43 of 1921, in section 17 (3), entitled 'Excess Profits Taxes,' provides that: 'In addition to the normal tax there shall be levied . . . on the net income exceeding $10,000 . . . an excess profits tax in the manner following: When the proportion between the net income and the capital invested is less than 15 percent, 5 percent on the net income exceeding 10 percent of the capital invested in the taxable year.' There follow, under section 17 (3), ten paragraphs dealing with the profits above 10 per cent. on the capital invested, in each case providing for taxes at a higher rate on the entire excess above the 10 per cent. It follows that a taxpayer whose net income was slightly below—say 20 per cent. on the capital invested—would be taxed on his whole net income above 10 per cent. at only 5½ per cent.; while a taxpayer whose income was slightly above 20 per cent. would be taxed 6 per cent. on his entire net income above 10 per cent. on the capital invested. In other words, a very slight difference in the net income of the taxpayer would result in a substantial increase in the rate of taxation to which the bulk of his income would be subject. The higher rate (surtax) is not limited, in its incidence, to the amount in excess of the percentage at which the higher rate begins, as in the federal tax law. Compare Act of

October 3, 1917, sec, 2 (40 Stat. 300, 301), and Revenue Act of 1918, sec. 211 (a), 40 Stat. 1062. This cannot be sustained."

The appellant obtained leave of this Court to file an additional brief. The brief was filed and the government has not answered it. The reasoning of the Circuit Court leaves us no doubt that the excess profits tax was in fact unconstitutional.

The appellant spent a considerable part of its brief in attempting to show that this Court might take notice of the unconstitutionality of the act despite the omission to allege the unconstitutionality of the act in the original brief. A question of the assignment of errors is clearly within the discretion of the court. The jurisprudence cited by the appellant is also clear that no action should be taken to support rights claimed under an unconstitutional statute. The matter is likewise covered by our own special statute, which reads:

"Section 1.—That the Supreme Court of Porto Rico shall hereafter be a court of appeals and not a court of cassation. In its deliberations and decisions, in all cases, civil or criminal, said court shall not be confined to the errors in proceeding (procedure) or of law only, as they are pointed out, alleged or saved by the respective parties to the suit, or as set forth in their brief and exceptions, but in furtherance of justice, the court may also take cognizance of all the facts and proceedings in the case as they appear in the record, and likewise consider the merits thereof, so as to promote justice and right and to prevent injustice and delay." (Comp. Stat. 1911, sec. 1141.)

The judgment appealed from will be affirmed in so far as it ordered the restitution of $245.04, and reversed in so far as it failed to grant the other amounts sued for; and the judgment of this Court shall sustain the complaint.

Mr. Justice Córdova Dávila took no part in the decision of this case.